

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JAMES ARTHUR MATTSON, | No. 10-16112 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-04431-VRW |
| v. | |
| FEDERAL BUREAU OF INVESTIGATION, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, District Judge, Presiding

Argued and Submitted June 14, 2011**
San Francisco, California

Before: SCHROEDER and BEA, Circuit Judges, and ANELLO, District Judge.**

James Arthur Mattson appeals the district court's denial of his motion for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Michael M. Anello, United States District Judge for the Southern District of California, sitting by designation.

1

attorney fees and costs under the Freedom of Information Act ("FOIA"), 5 U.S.C. section 552 *et seq.* Mattson contends the district court failed properly to apply the 2007 Openness Promotes Effectiveness in our National Government Act amendments to the FOIA fee provision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

To be eligible for fees under the FOIA fee section at issue, a party must show the filing of the lawsuit brought about "a voluntary or unilateral change in position by the agency." 5 U.S.C. § 552(a)(4)(E)(ii). Before Mattson filed the lawsuit, the Government informed Mattson it would conduct a further search for cross references.[1] ER 108 ¶ 12. The record shows the documents produced after Mattson filed his lawsuit were located due to the Government's efforts to search for other files it might have at its local offices and cross references. ER 171 and 189. Mattson did not establish the Government changed its position because, for one thing, Mattson never proved the Government ever took the position that it was refusing to produce these documents. Accordingly, the district court correctly concluded, under the FOIA fee provision, that Mattson is not eligible for fees under the FOIA.

---

[1]Cross references are defined as "a mention of you by name or personal identifier in a file relating to another individual, organization, event, activity, or the like." ER 171.

2

We decline to address Mattson's contention that the Government waived its right to challenge Mattson's entitlement to fees.  Because Mattson is not eligible for fees, we do not consider issues pertaining to entitlement to fees.  *Summers v. Dept. of Justice*, 569 F.3d 500, 505 (D.C. Cir. 2009).

**AFFIRMED**.